UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------------X
MANUEL GALVEZ, on behalf of himself and all others similarly situated,

            Plaintiff,

- against -

NATIONAL STORES, INC. and SOUTHERN ISLAND STORES, LLC,

           Defendants.
-------------------------------------------------------------------------X

No. 18-10278

**COLLECTIVE ACTION COMPLAINT**

Plaintiff MANUEL GALVEZ ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Fair Work, P.C. and Shavitz Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers who have worked as exempt-classified Assistant Managers (together, "ASMs") for Defendants NATIONAL STORES, INC. and SOUTHERN ISLAND STORES, LLC (together, referred to herein as "National Stores" or "Defendants") in the United States, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. National Stores is a nationwide retailer in the United States doing business as, among other names, "Fallas, Fallas Paredes, Fallas Discount Stores, Factory 2-U, Falas (spelled with single 'l' in Puerto Rico) and Anna's Linen's by Fallas." http://www.fallasstores.net/about-1.

3. National Stores employs ASMs at its retail stores in the United States who, despite their classification, spend the vast majority of their time performing the same job duties as non-exempt store employees.  Specifically, National Stores' ASMs' primary duty is the performance of non-management work, including assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.  These duties do not vary significantly from one National Stores store to another throughout the United States.

4. The primary duties of ASMs do not fall under any of the exemptions to the FLSA.

5. National Stores regularly requires ASMs to work in excess of 40 hours per week. Throughout the relevant period, it has been National Stores' nationwide policy to uniformly classify ASMs as exempt from federal overtime provisions and not to pay ASMs any overtime wages.

6. By the conduct described in this Collective Action Complaint, National Stores has violated the FLSA by failing to pay ASMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

*Plaintiff*

### *Manuel Galvez*

7. Plaintiff Manuel Galvez is an adult individual who resides in Lynn, Massachusetts.

8. Plaintiff worked for National Stores as an ASM from approximately September 2015 to approximately April 2016 in Malden, Massachusetts.

9. Plaintiff is a covered employee within the meaning of the FLSA.

10. A written consent form for Plaintiff is attached as Exhibit A.

***Defendants***

***National Stores, Inc. and Southern Island Stores, LLC***

11. National Stores, Inc. is a California corporation with its principal office and place of business and headquarters located in Gardena, California. National Stores, Inc. transacts business in the state of Massachusetts, including operating stores in Massachusetts using the "National Stores," "Fallas," and other brand names.

12. Southern Island Stores, LLC is a wholly-owned subsidiary of National Stores, Inc.

13. Throughout the relevant period, National Stores, Inc. and Southern Island Stores, LLC jointly employed Plaintiff and ASMs within the meaning of the FLSA. National Stores, Inc. and Southern Island Stores, LLC have had substantial control over Plaintiff's and ASMs' working conditions and the unlawful policies and practices alleged herein.

14. At all times relevant, National Stores, Inc. and Southern Island Stores, LLC maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

15. National Stores, Inc. and Southern Island Stores, LLC apply the same employment policies, practices, and procedures to all ASMs.

16. At all times relevant, National Stores, Inc. and Southern Island Stores, LLC's annual gross volume of sales made or business done was not less than $500,000.

**JURISDICTION AND VENUE**

17. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

19. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants as many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

21. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for National Stores as ASMs at any time from February 13, 2015 to present who elect to opt-in to this action (the "FLSA Collective").

22. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by National Stores, and/or National Stores has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

23. As part of its regular business practice, National Stores has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of National Stores.

24. National Stores is aware or should have been aware that federal law required them

to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

25. National Stores underfunded its labor budget for stores resulting in insufficient labor money for hourly-paid associates. As a result, Plaintiff and the FLSA Collective Members, who did not receive additional if they worked in excess of 40 hours in a workweek, worked long hours performing the same work as hourly-paid associates to make up for the underfunded labor budget and keep stores operating.

26. Plaintiff and the FLSA Collective all perform or performed the same primary duties.

27. National Stores' unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

28. Throughout their employment with National Stores, Plaintiff and the members of the FLSA Collective consistently worked more than 40 hours per week. Plaintiff typically worked five or six days per week with shifts lasting 10 to 12 hours each.

29. National Stores was aware that Plaintiff and the members of the FLSA Collective worked more than 40 hours per workweek, yet National Stores failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek

30. Plaintiff's and the FLSA Collective Members' primary duty was not management.

31. Plaintiff's and the FLSA Collective Members' primary duties were non-exempt duties including assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor. These duties are the same as the duties performed by the hourly-paid store employees, who are classified by National Stores as non-exempt.

32. Plaintiff and the FLSA Collective Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by National Stores. Plaintiff and the FLSA Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. National Stores engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

35. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

36. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to National Stores.

38. National Stores is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40. National Stores failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

41. National Stores' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. National Stores has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

42. Because National Stores' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

43. As a result of National Stores' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

44. As a result of the unlawful acts of National Stores, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.   Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA, and the supporting United States Department of Labor regulations;

C.   Pre-judgment interest, post-judgment interest, and statutory penalties as provided by law;

D.   Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.   Reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the FLSA Collective and for the risks he took in doing so;

F.   Attorneys' fees and costs of the action; and

G.   Such other, injunctive, and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Boston, Massachusetts
      February 13, 2018.

Respectfully submitted,

By:  /s/ Hillary Schwab
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
**FAIR WORK, P.C.**
192 South Street, Suite 450
Boston, MA 02111
Tel.   (617) 607-3261
Fax.  (617) 488-2261
hillary@fairworklaw.com
brant@fairworklaw.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
  *Pro hac vice* forthcoming
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz
  *Pro hac vice* forthcoming
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone:  (800) 616-4000
mpalitz@shavitzlaw.com

***Attorneys for Plaintiff and the Putative Collective.***